UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEBORAH SCHRAMM,

                              Plaintiff,

      v.                                          **DECISION AND ORDER**
                                                      13-CV-806S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

1.    Deborah Schramm challenges the decision of an Administrative Law Judge (ALJ) that she is not disabled within the meaning of the Social Security Act (the Act).

2.    Alleging disability with an onset date of August 1, 2009 due to, among other things, back pain, asthma, and bipolar disorder, Schramm applied for Social Security benefits on September 16, 2010. The Commissioner of Social Security (Commissioner) denied that application, and as result, Schramm requested an administrative hearing. She received that hearing before ALJ David Lewandowski. The ALJ considered the case *de novo*, and on April 2, 2012, issued a decision denying Schramm's application. Schramm filed a request for review with the Appeals Council, but the Council denied that request, prompting her to file the current civil action, challenging Defendant's final decision.[1]

3.    On February 14, 2014, Schramm filed a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. The Commissioner

---

[1] The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review.

1

did the same the very next day. For the following reasons, Schramm's motion is granted and the Commissioner's is denied.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla"; it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a

*de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6.  The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7.  This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520. The claimant has the burden of proof as to the first four steps, but the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n. 5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).

8.  Among the challenges Schramm levies against the Commissioner's decision is that the Commissioner failed to provide good reasons for rejecting the

3

opinion of Dr. Stanley Ambis, Schramm's treating physician. Dr. Ambis provided the following statement, dated September 7, 2012, to the Appeals Council. In full, it reads: "This patient is totally disabled, with mental health and medical issues." (R. 579.) There is no dispute that (1) the Appeals Council received this letter and (2) included it Schramm's record, but (3) did not offer any comment on it when rejecting Schramm's appeal.

9. Though Dr. Ambis' statement is exceptionally terse, this Court finds that the Second Circuit's holding in Snell v. Apfel remains equally applicable: The Appeals Council must provide some rationale for rejecting the treating-source's opinion. 177 F. 3d 128, 134 (2d Cir. 1999). As the Snell Court found:

> The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases, even—and perhaps especially—when those dispositions are unfavorable. A claimant like Snell, who knows that her physician has deemed her disabled, might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied.

Id.

10. The Commissioner offers two reasons to support its position that remand is not required for the Appeals Council's failure to address Dr. Ambis' opinion. Neither is persuasive.

11. First, the Commissioner suggests that the timing of Dr. Ambis' statement precludes its consideration. The Commissioner notes that "Plaintiff submitted Dr. Ambis' opinion to the A[ppeals] C[ouncil] on September 18, 2012, months after the ALJ had issued his April 2, 2012 decision." (Comm'r Reply Br. at 4.) The Commissioner contends that this renders Schramm's claim "baseless." (Id.) But as every Social Security practitioner knows, the regulations allow the claimant to submit additional evidence to

4

the Appeals Council. See 20 C.F.R. § 404.970(b). And, the "Appeals Council *must accept* the evidence so long as it is new, material, and relates to the period on or before the date of the ALJ's decision." Beck v. Colvin, No. 6:12-CV-06495 MAT, 2013 WL 5533571, at *3 (W.D.N.Y. Oct. 7, 2013) (citing 20 C.F.R. § 404.970(b)) (emphasis added). There is therefore no merit to the suggestion that, because Dr. Ambis' opinion was submitted only to the Appeals Council, it cannot or should not be considered. Indeed, the Appeals Council, like the ALJ, is required to provide "good reasons" for rejecting treating-source opinions – even laconic opinions. The Commissioner's own regulations reassure the claimant that "[w]e will *always* give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." 20 C.F.R. § 416.927(c)(2) (emphasis added); Stadler v. Barnhart, 464 F. Supp. 2d 183, 187 (W.D.N.Y. 2006) (Appeals Council erred by failing to discuss treating psychiatrist's opinion, which was submitted after ALJ issued his decision but during pendency of appeal). No reasons – good or otherwise – were provided by the Appeals Council.

12. Second, the Commissioner argues that Dr. Ambis' disability opinion is "reserved to Commissioner and is not entitled to any special consideration." (Comm'r Reply Br. at 4.) Although it is true that "reserving the ultimate issue of disability to the Commissioner relieves the Social Security Administration of having to credit a doctor's finding of disability, it does not exempt administrative decisionmakers from their obligation, under Schaal and § 404.1527(d)(2), to explain why a treating physician's opinions are not being credited." Snell, 177 F. 3d 128 at 134. This argument therefore falls flat too.

13. The Appeals Council was free to reject Dr. Ambis' conclusory opinion. But in making that decision, it had to at least address the opinion and offer its rationale for

5

doing so. For, no matter how short or conclusory the opinion may be, Schramm, aware that her physician deemed her disabled, would be "bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." Id.

14. On remand, the Commissioner must offer "good reasons" for rejecting Dr. Ambis' opinion, or request more information from Dr. Ambis.

****

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 10) is DENIED.

FURTHER, that this case is REMANDED for proceedings consistent with this Decision and Order.

FURTHER, that the Clerk of Court shall close this case.

SO ORDERED.

Dated: September 13, 2014
     Buffalo, New York

                               /s/William M. Skretny
                              WILLIAM M. SKRETNY
                                    Chief Judge
                              United States District Court